MELISSA HOLYOAK, United States Attorney (#9832)
VERNON G. STEJSKAL, Assistant United States Attorney (# 8434)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| IN RE: APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d). | Case No. 2:26mj95-CMR<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require WhatsApp L.L.C., an Internet service provider, headquartered in Menlo Park, California, to disclose certain records and other information pertaining to a cellular telephone with call number 682-666-2986, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND

1.      WhatsApp L.L.C. is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require WhatsApp L.L.C. to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated.

3.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

4.      Salt Lake City FBI agents are investigating a transnational criminal organization, led by Anthony Propriedad a/k/a Anthony LaTorre ("LaTorre"), and Irwin Ramon Guanipa Suarez ("Suarez") for extortion through interstate communications (18 U.S.C. § 875), Hobbs Act conspiracy (18 U.S.C. § 1951), and racketeering offenses (18 U.S.C. § 1961) in the District of Utah and elsewhere.  The organization, which law enforcement believes to be an arm of Tren de Aragua ("TdA"), or at least associated or affiliated with TdA, has extorted at least one victim in the District of Utah of $100,000 through WhatsApp communications between co-conspirators Denis Gonzalez Melean ("Melean") and a male victim ("Victim 1").  Those WhatsApp messages were obtained via a federal search warrant issued in the Middle District of Tennessee, where Melean was located at the time, for Melean's cell phone bearing call number 786-618-8725.  Multiple WhatsApp messages between Suarez and Melean, and in turn Melean and Victim 1 regarding Suarez's and Melean's extortion of Victim 1, in Utah at the time, were recovered in the search of Melean's cell phone.

5.      On February 6, 2026, defendant Melean pleaded guilty to one count of Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951, for the threats he posed to Victim 1 via WhatsApp messaging as the behest of Suarez to cause Victim 1 to part with $100,000 in money and real property Victim 1 provided to co-conspirators who in turn provided it to Suarez.

6. La Torre, who is believed to be in the Dallas, Texas area, is the boss of Suarez according to a source of information (SOI-1). Like Suarez, LaTorre engages in extortion through WhatsApp messaging on his wife's cell phone assigned call number 682-666-2986. On January 5, 2026, FBI investigators learned from SOI-1 that a female victim overseas ("Victim 2") reported being extorted of money by LaTorre and his wife; and, specifically, over WhatsApp communications over 682-666-2986, a phone assigned to Charilay Aineth Romero Gonzalez, the wife of LaTorre (hereinafter, "Target Telephone"). Notably, Victim 2 sent extorted monetary amounts via Zelle to LaTorre and his wife, both in the United States, after WhatsApp communications over the Target Telephone.

## REQUEST FOR ORDER

7. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help ascertain the extortion and racketeering activities of LaTorre, Suarez, and others in this criminal organization that is at least affiliated/associated with TdA, if not an arm of TdA. Accordingly, the United States

4

requests that WhatsApp L.L.C. be directed to produce all items described in Part II of Attachment A to the proposed Order.

8.     The United States further requests that the Order require WhatsApp LLC not to notify any person, including the subscribers or customers of the account listed in Part I of Attachment A, of the existence of the Order for a time period of **ninety (90) days**. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*  In this case, this order for delay in notification of ninety days is appropriate because this is an ongoing investigation into extortion and racketeering activities of LaTorre, Irwin, and their co-conspirators, and disclosure would adversely affect this federal investigation by disclosing to LaTorre and his wife of the ongoing federal investigation, causing them to change patterns of behavior, such as the use of other communication devices, endanger the life or physical safety of individuals, or flee, including to other countries where at least LaTorre is believed to have family.

9.     The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal

these documents because their premature disclosure may seriously jeopardize that investigation.

Dated this 12th day of February, 2026.

Respectfully submitted,

*/s/ Vernon Stejskal*

_____

VERNON STEJSKAL
Assistant United States Attorney

7